**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CARLOS CRUZ CANO,

                *Petitioner*,

v.                                                             Case No. 3:26-cv-1339-WWB-LLL

WARDEN, BAKER CORRECTIONAL
INSTITUTE, et al.,

                *Respondents.*

_____

## <u>ORDER</u>

Through counsel, Petitioner is proceeding on a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, alleging that Immigration and Customs Enforcement's ("**ICE**") mandatory detention of him without an individualized bond hearing under 8 U.S.C. § 1225(b)(2)(A) is unlawful, in part, because it violates the Immigration and Nationality Act ("**INA**"). (*See* Doc. 1 at 6–7). Petitioner seeks an order requiring Respondents to conduct a meaningful bond hearing or immediately release him. (*Id.* at 9–10). Federal Respondents concede that based on the Eleventh Circuit Court of Appeals' recent decision, "Petitioner is detained under 8 U.S.C. § 1226(a)" and is entitled to a custody redetermination hearing before an immigration judge. (*See* Doc. 6 at 1–2 (citing *Hernandez Alvarez v. Warden*, --- F. 4th ---, No. 25-14065, 2026 WL 1243395 (11th Cir. May 6, 2026))).

In *Hernandez Alvarez*, the Eleventh Circuit held that "[t]he text of [8 U.S.C.] § 1225(b)(2)(A) is clear that mandatory detention applies only to . . . arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior."

2026 WL 1243395, at \*13–14.  Respondents acknowledge that Petitioner falls into the

latter category of aliens and is entitled to a bond hearing.  (*See* Doc. 6 at 1–2).  As such,

considering the opinion in *Hernandez Alvarez* and Respondents' concession that

Petitioner is entitled to a bond hearing, the Court grants Petitioner's claim that his

mandatory detention without an individualized bond hearing under 8 U.S.C.

§ 1225(b)(2)(A) violates the INA.[1]

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition (Doc. 1) is **GRANTED** to the extent that Petitioner is entitled to

    a bond hearing before an immigration judge in accordance with 8 U.S.C.

    § 1226(a).[2]  Within **seven days** of the date of this Order, Respondents shall

---

[1] The Court notes it has previously found that aliens, like Petitioner, who have resided in the United States without lawful admission are subject to mandatory detention under § 1225(b)(2)(A).  *See Arellano v. Warden, Baker Corr. Inst.,* No. 3:25-cv-1333-WWB-PDB, 2026 WL 1090987, at \*2 (M.D. Fla. Apr. 22, 2026) (adopting the plain meaning of the statutes as interpreted by the Fifth and Eighth Circuits in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026) (holding that "applicant for admission" in § 1225(a)(1) and "seeking admission" in § 1225(b)(2)(A) are synonymous; thus an "alien present in the United States who has not been admitted" "shall be detained") and *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) (finding "[p]resence without admission deems the petitioners to be applicants for admission" subject to § 1225's mandatory detention)).  While the Court disagrees with the majority's opinion in *Hernandez Alvarez*, finding Judge Lagoa's well-reasoned dissent to be an accurate interpretation of the law, it recognizes the precedential authority of *Hernandez Alvarez* and acknowledges that it is now the law of this circuit.  *See Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992) (noting that a published opinion "is the law in this circuit unless and until it is reversed, overruled, vacated, or otherwise modified by the Supreme Court of the United States or by [the Eleventh Circuit] sitting en banc," and that a stay of the mandate "in no way affects the duty of . . . the courts in this circuit to apply now the precedent established by" the published opinion "as binding authority"); 11th Cir. IOP—Cir. R. 36.2 ("Under the law of this circuit, published opinions are binding precedent.  The issuance or non-issuance of the mandate does not affect this result.").

[2] Because the Court grants relief on Petitioner's claim under the INA, it need not address Petitioner's other claims for relief.  *See Banks v. Dretke*, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief

either afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release Petitioner.  If Respondents release Petitioner, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2. Warden's Motion to Dismiss (Doc. 7) is **DENIED**.

3. The Clerk is **DIRECTED** to enter judgment granting the Petition, terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida, on June 9, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7
c:    Counsel of Record

---

on another claim because "any relief [petitioner] could obtain on that claim would be cumulative"); *see, e.g.*, *Pena-Gil v. Lyons*, No. 25-CV-03268, 2025 WL 3268333, at *4 (D. Colo. Nov. 24, 2025).