**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CARLOS CRUZ CANO,

Petitioner,

v. Case No. 3:26-cv-1339-WWB-LLL

WARDEN, BAKER CORRECTIONAL INSTITUTE, et al.,

Respondents.

---

**ORDER**

On June 9, 2026, the Court granted the Petition to the extent that it ordered Respondents to either (1) provide Petitioner with a bond hearing; or (2) release him from custody. (Doc. 11). Petitioner has now filed an Emergency Motion to Enforce Judgment ("**Motion**," Doc. 13). He argues that Respondents did not comply with the Court's Order because the bond hearing was held one day after the Court's seven-day deadline and the immigration judge's reliance on eight arrests, most of which did not result in a conviction, in making a dangerousness determination was not an individualized bond hearing and therefore did not satisfy this Court's June 9, 2026 Order. (*Id.*). Instead, he believes the immigration judge should have considered his "approximately twenty-three years of continuous residence in the United States, his marriage to a United States citizen with an approved I-130 petition, his two United States citizen children, his pending application for cancellation of removal under INA § 240A(b), or any evidence of rehabilitation." (*Id.* at 2).

Respondents filed a response opposing the Motion, advising that while the bond hearing was held one-day late, the immigration judge complied with 8 U.S.C. § 1226 when

conducting the individualized hearing. (Doc. 15). According to Respondents, at the hearing, Petitioner was represented by private counsel who advised the immigration court that Petitioner's most recent guilty plea to a methamphetamine charge rendered him ineligible for bond. (*Id.* at 2). They contend that after careful review, the immigration judge denied bond, issuing a written order as follows:

> [Petitioner] has not shown that he is not a danger to the community. [Petitioner] was arrested for DUI on 5/24/2004; arrested for fraud on 4/11/2005; arrested for another DUI on 4/11/2005; arrested for obstruction of police on 8/8/2005; arrested for a probation violation on 6/30/2013; arrested for drug possession on 1/20/2025; arrested for possession of narcotic equipment on 7/17/2025 and for another probation violation. [Petitioner] did not provide police reports or counter these allegations with any evidence.

(Doc. 15 at 2; Doc. 15-1 at 1). Respondents argue that the Court lacks jurisdiction to overturn the immigration judge's decision and that the proper challenge should be through an appeal with the Board of Immigration Appeals. (Doc. 15 at 3). To that end, they contend the Motion should be denied.

The Court agrees. Indeed, this Court lacks jurisdiction to sit in review of an immigration judge's discretionary finding that an alien is a danger and therefore should be denied bond. *See Guerrero v. Decker*, No. 19-CV-8092, 2019 WL 5683372, at *6 (S.D.N.Y. Nov. 1, 2019) (court lacks jurisdiction to review IJs' determinations at bond hearings that petitioners pose a danger to the community); *Mugiraneza v. Whitaker*, No. 6:19-CV-6140, 2019 WL 2395316, at *5 (W.D.N.Y. June 6, 2019) ("District courts sitting in habeas review therefore have no jurisdiction to review an IJ's discretionary decision denying bond."). Here, Petitioner was provided with a bond hearing and while it was held one day after the Court's seven-day deadline, nothing suggests that the immigration judge otherwise failed to make factual findings or conduct an individualized determination. To

the extent Petitioner disagrees with the immigration judge's conclusions, he may file an appeal with the Board of Immigration Appeals or request a custody redetermination. Whether the Court agrees with the danger determination is of no importance—the Court simply lacks jurisdiction to review such a discretionary finding.

Accordingly, it is **ORDERED** that Petitioner's Emergency Motion to Enforce Judgment (Doc. 13) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida, on August 18, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7

C: counsel of record